## STATE OF FLORIDA v PORTER
### Case No. 86-279-AP (County Court Case No. 86-1507-MM)
Fifth Judicial Circuit, Sumter County
June 4, 1987

### APPEARANCES OF COUNSEL

**Richard A. Howard,** Assistant State Attorney, for appellant.

**C. John Coniglio,** for appellee.

Before Thurman, Lockett, McNeal, JJ.

### OPINION OF THE COURT

JOHN THURMAN, Circuit Judge.

The issue on appeal is whether the trial court erred in ordering the return of material seized for allegedly violating F. S. § 847.011.

At the onset, it should be noted that the legality of the warrant is not relevant. F.S. 847.011(7) clearly regulates the return of such material. It provides *inter alia,* that once the items are no longer required as evidence, (i.e. after suppression of the evidence because of

an illegal search, trial or *nolle prosequi)* any claimant may move the Court for disposition of said property upon written motion and after notice and hearing the Court shall determine if the same was possessed or otherwise dealt with in violation of F. S. 847.011. If so, there is a provision for its destruction. If not, it shall be returned to the claimant if she shows that she is entitled to its possession.

A mere showing that the material is obscene is not enough to require its destruction. At the Evidentiary Hearing, if it is shown that the material is, in fact, obscene it then becomes necessary to determine if such material was held in violation of the Statute. In making that decision the Trial Court should consider *St. v Kraham* 360 SO.2d 393 (Fla. 1978); *Stanley v Georgia* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969(; and F.S. 847.011(b). While the private possession of obscene material is legal, its possession for the purpose of sale or distribution is illegal and subjects such material to destruction by Order of Court.

REVERSED AND REMANDED for an Evidentiary Hearing consistent with this Opinion.

(LOCKETT, J., Circuit Appellate Chief Judge and McNEAL, R., Circuit Judge, concur)